**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5199**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

       v.

DAIMEN DEMALL PURVIS,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, Chief District Judge. (4:10-cr-00027-FL-1)

Submitted: June 14, 2011           Decided: July 26, 2011

Before TRAXLER, Chief Judge, and NIEMEYER and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Seth M. Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daimen Demall Purvis pled guilty to being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1), and was sentenced to 72 months' imprisonment. On appeal, Purvis asserts that the sentence was procedurally and substantively unreasonable. Finding no error, we affirm.

I.

In December 2009, officers from the Pitt County Sheriff's Department responded to a 911 call of shots being fired in the vicinity of Purvis' home. When they arrived, the officers found Purvis and Marketse Barrett fighting in the street. Purvis suspected that Barrett was having an affair with his wife and had earlier lured Barrett to the home by sending Barrett a text message from his wife's cellular telephone asking Barrett to come over. When Barrett arrived, Purvis opened the door and pointed a gun at him. Barrett turned and fled. As Barrett was running, he heard a gunshot behind him. Although Barrett was not shot, he fell to the ground, where Purvis jumped on top of him. The officers found a loaded firearm in the street. The officers also found ammunition, a small quantity of marijuana, scales, and drug paraphernalia in Purvis' home.

A federal grand jury returned an indictment charging Purvis with being a felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g)(1). Purvis thereafter pled guilty pursuant to an agreement with the government, preserving his right to appeal a sentence in excess of the advisory Guidelines range established at sentencing.

A presentence report ("PSR") was prepared and included Purvis' family history, education, health, employment history, and criminal history. The latter included numerous convictions, beginning in 1998 when Purvis was 16 years old, and continuing through 2009, when Purvis was 26 years old. The convictions included, inter alia, (1) breaking and entering a motor vehicle (18 counts); (2) breaking and entering, larceny (3 counts); (3) second degree burglary; (4) assault on a government official (3 counts), which involved his striking two police officers and pushing a third; (5) assault inflicting serious injury, arising out of the defendant's physical assault upon his wife; (6) possession of drug paraphernalia; and (7) resisting a public officer and communicating threats. Purvis' total offense level, which reflected a three-point reduction for acceptance of responsibility, was 17, and his criminal history category was IV. The Guidelines range was 37 to 46 months' imprisonment.

After adopting the findings in the PSR and hearing from counsel and Purvis, the district court varied upward from the Guidelines range and sentenced Purvis to 72 months' imprisonment.

3

II.

We review a sentence for reasonableness, applying an abuse of discretion standard. See Gall v. United States, 552 U.S. 38, 46, 51 (2007). Our reasonableness review involves both procedural and substantive elements. Procedural reasonableness concerns the method by which the district court decided a defendant's sentence. If there is no procedural error, we "then consider the substantive reasonableness of the sentence imposed." Id.

A.

Purvis contends that his sentence is procedurally unreasonable because the district court failed to adequately address his arguments that his history and characteristics called for a within-Guidelines sentence and failed to adequately explain the deviation from the Guidelines range.

In determining whether a sentence is procedurally reasonable, we

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range.

4

Id.  When imposing a sentence, a district court must first calculate the proper sentencing range prescribed by the Guidelines.  See id. at 49.  The court must then consider that range in light of the parties' arguments regarding the appropriate sentence and the factors set out in § 3553(a).  See id.  The court "must make an individualized assessment based on the facts presented," id. at 50; see also United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009), and provide an explanation for the sentence it imposes, see 18 U.S.C. § 3553(c).  "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  Rita v. United States, 551 U.S. 338, 356 (2007).  If a party presents legitimate reasons for imposing a sentence outside the applicable Guidelines range, the sentencing judge "will normally go further and explain why he has rejected those arguments."  Id. at 357; see also Carter, 564 F.3d at 328.

The appropriate breadth and depth of a sentencing court's exposition depends upon the circumstances.  See Rita, 551 U.S. at 356-57.  A sentence within the Guidelines range generally requires a less extensive justification than a sentence that departs or varies from the Guidelines.  See United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009).  If the

5

court determines that a sentence outside the applicable sentencing range is appropriate, "the court's stated reasons . . . must be sufficiently compelling to support the degree of the variance." United States v. Lewis, 606 F.3d 193, 201 (4th Cir. 2010) (internal quotation marks omitted). "[A] major departure should be supported by a more significant justification than a minor one." Gall, 552 U.S. at 50.

At the outset of Purvis' sentencing hearing, the district court advised the parties that it had reviewed and considered Purvis' family history, education, health, employment history, and financial circumstances. The court also noted Purvis' extensive criminal history, which began at age 16 and continued for more than a decade. Observing that Purvis was fortunate not to have caused bloodshed during the altercation at issue, the court alerted counsel upfront of its concerns about a within-Guidelines sentence. Specifically, the court advised defense counsel that Purvis appeared to be a "very dangerous" person, and asked counsel to give the court "some reason to think that when Mr. Purvis gets out of prison he is going to be a law-abiding citizen and a productive one, and Mr. Purvis is going to stop this life of crime and violence." J.A. 45.

Purvis' counsel argued that a within-Guidelines sentence would be sufficient because, despite Purvis' criminal history and the circumstances of the offense of conviction, he

6

had held a steady job and supported his family. Counsel also pointed out Purvis' struggles with mental illness and substance abuse, and requested that Purvis receive treatment in prison. Purvis also read the court a prepared letter expressing remorse and indicating his desire and plan to rehabilitate in prison.

At the conclusion of the arguments, the district court adopted the findings set forth in the PSR and considered the Guidelines range, but found that the Guidelines range did not "promote a sentence that is compliant with [§ 3553]." J.A. 53. Specifically, the district court found that the Guidelines range was not "one that will deter the type of conduct that will promote respect for the law" or "protect the public from the defendant." J.A. 53. The district court also found that the Guidelines range did not "consider fully the history and characteristics of this defendant or the circumstances of the offense." J.A. 53-54. In further support of these determinations, the district court also articulated several additional, specific findings and observations. The district court found that Purvis' case presented "a particularly violent, particularly brutal demonstration of felon in possession of a firearm. A felon who lured his nemesis to the residence in a very carefully hatched-out plan, and opened the door with a loaded weapon, and shot at his nemesis." J.A. 54. The district court also found that Purvis "is someone who resorts to

7

assaultive behavior, who demonstrates no respect for the law, even in the very vivid example of going berserk on police officers." J.A. 54. And the district court found that Purvis "is someone who can't follow directions or submit to supervision, as demonstrated by the myriad of [prior] probation violations." J.A. 54.

In sum, the district court considered and explained that a deviation from the Guidelines was justified by "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," id. § 3553(a)(2)(A), "the need . . . to afford adequate deterrence to criminal conduct," id. § 3553(a)(2)(B), and "the need . . . to protect the public from further crimes of the defendant," id. § 3553(a)(2)(C). The district court also advised Purvis that he would be recommended for substance-abuse treatment, vocational training, and mental health assistance while in prison. See 18 U.S.C. § 3553(a)(2)(D).

Under the circumstances, we are satisfied that the district court carefully considered the parties' arguments, conducted an individualized assessment of Purvis' circumstances, and adequately explained its decision to impose a higher

8

sentence pursuant to the § 3553(a) factors. Accordingly, we find the sentence to be procedurally reasonable.[*]

B.

Purvis next argues that the sentence was substantively unreasonable because the § 3553(a) factors, taken as a whole, did not support the variance.

When considering the substantive reasonableness of a sentence, we consider "whether the District [Court] abused [its] discretion in determining that the § 3553(a) factors supported [the sentence] and justified a substantial deviation from the Guidelines range." Gall, 522 U.S. at 56. In doing so, we must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. at 51. We may not apply a presumption of unreasonableness to an outside-Guidelines sentence. See id. Rather, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that [we] might reasonably have concluded that a different sentence was

---

[*] To the extent Purvis pursues an argument that the district court should have first considered a departure under U.S.S.G. § 5K2.0 and U.S.S.G. § 4A1.3, he acknowledges that we rejected such an argument in United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir. 2011).

appropriate is insufficient to justify reversal of the district court." Id. "This deference is due in part because '[t]he sentencing judge is in a superior position to find facts and judge their import [and] [t]he judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record.'" United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir. 2011) (quoting Gall, 522 U.S. at 51); see also Rita, 551 U.S. at 357–58 (explaining that the district court also "has access to, and greater familiarity with, the individual case and the individual defendant before [the court] than the Commission or the appeals court"). Although major departures from the Guidelines should be supported by a more significant justification than minor ones, extraordinary circumstances are not necessary to justify an outside-Guidelines sentence. See Diosdado-Star, 630 F.3d at 366.

We cannot say that the district court abused its discretion in imposing an upward variance of 26 months' imprisonment. As noted by the district court, the Guidelines range for Purvis' conviction for being a felon in possession of a firearm did not fully reflect the violent circumstances of the offense of conviction, particularly that Purvis lured his victim to his home, pointed a loaded firearm at him, and discharged the firearm while the victim was attempting to flee. Also, the

10

incident was the latest in an extensive list of prior convictions spanning more than a decade -- most notably Purvis' conviction for assault on three police officers in January 2003, when he was 20 years old; his conviction for assault on his wife inflicting serious injury in December 2003, when he was 21 years old; and his conviction for resisting a police officer and communicating threats in August 2007, when he was 25 years old. Under the circumstances, we "give[ ] due deference to the District Court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence" of 72 months' imprisonment.  Gall, 552 U.S. at 59-60.

                              III.

        For the foregoing reasons, we conclude that Purvis' sentence was procedurally and substantively reasonable and that the district court did not abuse its discretion in imposing the sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.


                                             AFFIRMED




                              11